UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

SOUTHERN ENVIRONMENTAL
LAW CENTER,

     Plaintiff,

     v.

THE TENNESSEE VALLEY AUTHORITY,

     Defendant,

EAST TENNESSEE NATURAL GAS, LLC,

     Intervenor Defendant,

and,

TENNESSEE GAS PIPELINE COMPANY,
L.L.C.,

     Intervenor Defendant.

Case No. 3:22-cv-00108-DCLC-DCP

District Judge Clifton L. Corker
Magistrate Judge Debra C. Poplin

## DECLARATION OF JULIA DENISE SMITH

     I, Julia Denise Smith, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that

the following is true and correct:

     1.     I am the Freedom of Information Act Officer ("FOIA Officer") for the Tennessee

Valley Authority ("TVA"). I have worked at TVA for thirty-four years, and I have been the FOIA

Officer for twenty-two of those thirty-four years. I am the only full-time employee within TVA's

FOIA Office.

     2.     As TVA's FOIA Officer, I am familiar with FOIA and the processing of FOIA

requests within TVA, including the request at issue in the above-referenced action (Doc. 1-6). I

received training on FOIA from the TVA Office of General Counsel and the United States

Department of Justice, and I regularly attend training to stay abreast of developments regarding FOIA.

3.       Based upon my role and official duties as TVA's FOIA Officer, my experience working full-time for TVA for the last thirty-four years, my review of TVA records, and information supplied to me by responsible TVA personnel, I have personal knowledge of the matters set forth in this declaration, and I make the statements in this declaration in support of TVA's cross-motion for summary judgment in the above-referenced action.

4.       On August 5, 2021, Trey Bussey, on behalf of the Southern Environmental Law Center ("SELC"), submitted a request for records pursuant to FOIA. (Doc. 1-6.) I understand that Mr. Bussey is employed by SELC as an attorney.

5.       Mr. Bussey requested the following records:

> Records of communications, including all attachments thereto, with Tennessee Gas Pipeline, Kinder Morgan, Texas Eastern Transmission, East Tennessee Natural Gas, or Enbridge regarding possible or planned gas infrastructure projects, including pipelines, compressor stations, and gas plants, to be constructed after January 2021.

6.       Pursuant to my official duties as TVA's FOIA Officer, I found that TVA had entered into two confidential precedent agreements that would be responsive to Mr. Bussey's request, one with East Tennessee Natural Gas, LLC ("East Tennessee") and one with Tennessee Gas Pipeline, L.L.C. ("Tennessee Gas"). At that time and based on the information supplied to me by the TVA personnel responsible for negotiating the precedent agreements on behalf of TVA, it was my understanding that the agreements, or portions thereof, had been designated as confidential by East Tennessee and Tennessee Gas, respectively, 18 C.F.R. § 1301.8(c), and based on that knowledge and my years of experience as TVA's FOIA Officer, I had reason to believe that the

agreements, or portions thereof, may be protected from disclosure under FOIA Exemption 4, 18 C.F.R. § 1301.8 (e)(2).

7. In a telephone call on August 25, 2021, Mr. Bussey requested, and TVA agreed to prioritize, the scope of the request to be for the agreements TVA had recently executed with East Tennessee and Tennessee Gas, respectively.

8. As required by TVA's FOIA regulations, 18 C.F.R. § 1301.8(d), on August 31, 2021, I provided notice to East Tennessee and to Tennessee Gas that TVA had received a FOIA request for TVA records and that Mr. Bussey was seeking copies of the precedent agreements. Copies of the notice letters provided to East Tennessee and to Tennessee Gas are being submitted herewith as Attachment 1 and Attachment 2. Pursuant to 18 C.F.R. § 1301.8 (d), (f), TVA's notice to East Tennessee and Tennessee Gas informed them of their opportunity to provide TVA with "a written statement objecting to the release of any information in the attached agreement that your firm considers confidential or competitively sensitive" and that "[a]ny statement should be specific as to why the release of the information is likely to cause substantial competitive harm to your company." (Attachs. 1–2.)

9. In a letter dated September 1, 2021, East Tennessee provided a detailed written statement "object[ing] to the release of any information from the Requested Agreement as every provision of that agreement includes confidential commercial information exchanged by [East Tennessee] and TVA as part of non-public, bilateral negotiations of commercial agreements and is protected from disclosure by 5 U.S.C. § 552(b)(4) and 18 C.F.R. § 1301.7 ('FOIA Exemption 4')." East Tennessee further informed TVA that disclosure of the confidential commercial information in the East Tennessee Precedent Agreement would cause significant financial injury to East Tennessee "with respect to its competition with other natural gas pipelines and its

3

negotiation of similar commercial agreements with other customers." East Tennessee's letter also included a detailed statement specifying all grounds for withholding the agreement under FOIA Exemption 4 and explaining East Tennessee's views as to why the information in the agreement constituted trade secret or commercial or financial information. East Tennessee's September 1, 2021 letter is being submitted herewith as Attachment 3.

10.     In a letter dated October 12, 2021, East Tennessee provided a supplemental response and a redacted version of the East Tennessee Precedent Agreement with certain portions withheld under FOIA Exemption 4. East Tennessee's October 12, 2021 letter is attached hereto as Attachment 4.

11.     In an email dated September 9, 2021, Tennessee Gas provided a detailed written statement informing TVA that disclosure of the confidential commercial information in the Tennessee Gas Precedent Agreement includes details associated with an open season to be held to solicit interest in capacity associated with the Precedent Agreement, as well as information related to project facilities and locations. Tennessee Gas provided TVA with a redacted version of the Tennessee Gas Precedent Agreement with certain portions withheld under FOIA Exemption 4. Tennessee Gas's September 9, 2021 email is being submitted herewith as Attachment 5.

12.     Consistent with 5 U.S.C. § 552, TVA's FOIA regulations, and TVA policies, TVA considered East Tennessee's and Tennessee Gas's objections and the specific information provided by both East Tennessee and Tennessee Gas as grounds for nondisclosure and determined that both East Tennessee and Tennessee Gas had articulated good-faith bases for withholding the redacted portions of the precedent agreements as trade secret and/or confidential commercial or financial information protected from disclosure under FOIA Exemption 4. Accordingly, based on East Tennessee's and Tennessee Gas's good-faith explanation of the grounds for non-disclosure

under FOIA Exemption 4 and East Tennessee's and Tennessee Gas's specific written requests that TVA withhold certain portions of the precedent agreements from disclosure under applicable FOIA exemptions, TVA foresaw that disclosure likely would harm an interest protected by FOIA Exemption 4 and that, therefore, the redacted portions of the precedent agreements should be withheld. *See* 5 U.S.C. § 552(a)(8); 18 C.F.R. §§ 1301.7, 1301.8.

13. On October 28, 2021, I sent Mr. Bussey a letter regarding TVA's interim response to the request (Doc. 16-1) and provided him with copies of the two precedent agreements responsive to the FOIA request (Docs. 1-7 & 1-8). In accordance with TVA's FOIA regulations, 18 C.F.R. § 1301.8(j), I informed Mr. Bussey that the information requested involved information obtained from an outside source and that FOIA and TVA regulations require that TVA provide notice to the submitters before the release of business information that may be confidential or competitively sensitive and protected by Exemption 4. (Doc. 16-1 at PageID # 200.) I specifically informed Mr. Bussey that the information redacted from the two precedent agreements is such confidential information. (*Id.*) Finally, I informed Mr. Bussey that he would have an opportunity to appeal any adverse determination on this request once the final response was made. (*Id.*)

14. On November 1, 2021, Mr. Bussey sent me an email inquiring as to how Exemption 4 applied to certain redactions within the two precedent agreements. I responded to Mr. Bussey on November 16, 2021, informing him that in response to his email, TVA undertook a second review of the information contained within the two precedent agreements and did not find additional information that could be publicly released. I informed him that once a final response was made, he would have the opportunity to appeal any adverse determination. On January 27, 2022, Mr. Bussey contacted me via email to determine when TVA would complete the remainder of the FOIA request and inquired about withdrawing the remainder of the request and receive TVA's

5

final determination. I responded to Mr. Bussey's email on February 2, 2022, informing him that if he did not require further records, TVA would send him a letter completing the request which would include his right to appeal the redactions from the precedent agreements provided. In response, Mr. Bussey indicated that he did not require further records in response to the FOIA request, and he requested that TVA complete the request and advise of the appeal rights. A copy of this email correspondence is being submitted herewith as Attachment 6.

## TVA's Final FOIA Determination

15.     On February 4, 2022, I sent Mr. Bussey a letter regarding TVA's final determination. (Doc. 1-9 at PageID # 137.) I informed Mr. Bussey that TVA processed notices to the parties to the precedent agreements and information each identified as confidential trade secret and/or commercial or financial information was withheld under FOIA Exemption 4. (*Id.*) I further explained that Exemption 4 protects such confidential commercial, financial, and trade secret information submitted to the government by an outside source. (*Id.*) I then informed Mr. Bussey of his right to appeal TVA's final response. (*Id.*)

## SELC's Appeal of TVA's FOIA Determination

16.     On February 7, 2022, George Nolan, an attorney employed by SELC, sent an email to TVA's FOIA Appeals Officer appealing TVA's response to the FOIA request. Mr. Nolan's email correspondence is being submitted herewith as Attachment 7.

17.     Attached to Mr. Nolan's email correspondence was an appeal letter (Doc. 1-10), along with SELC's original August 5, 2021 FOIA request, which SELC had substantially withdrawn on February 2, 2022, *see supra* ¶ 14 & Attach. 6, and the two precedent agreements.

18.     TVA's Vice President of Communications & Public Relations, Buddy Eller, sent Mr. Nolan a response to the appeal on March 7, 2022. (Doc. 1-11.) In the response, Mr. Eller

upheld my initial determination that the information withheld in response to the request for the precedent agreements fell within Exemption 4. (*Id.* at PageID # 146.) Mr. Eller noted that if TVA were to disclose the confidential information contained within each Precedent Agreement "companies would be deterred from seeking out contracts with TVA as opposed to other entities with whom they could do business, which would have the foreseeable harm of interfering with TVA's ability to carry out its statutory mission." (*Id.*)

19.     Mr. Eller also cited to Exemption 5 as a basis for withholding portions of the redacted information. (*Id.*) Exemption 5 allows the government to withhold, among other things, confidential business information if the release of such information would harm the government's commercial or financial interests or prevent an agency from performing its mission. *See* 5 U.S.C. § 552(b)(5); 18 C.F.R. § 1301.7(a)(5). Mr. Eller determined that "[t]he redacted information would, as with the submitter, reveal TVA's strategies for th[ese] type[s] of transaction[s], and TVA treats these strategies as confidential in order to protect its ability to negotiate with counterparties in the future." (Doc. 1-11 at PageID # 146.)

**Summary of Remaining Redactions**

20.     I understand that certain sections and subsections of the East Tennessee Precedent Agreement remain in dispute for purposes of this litigation. These sections and subsections are exempt from disclosure under FOIA Exemption 4. As to the sections of the East Tennessee Precedent Agreement that remain redacted, a summary of the bases for those redactions is set forth below:

a.  *Section 4 – Shipper Approvals*. This section is divided into three subsections—Subsections A, B, and C—and discusses TVA's and East Tennessee's obligations relating to certain approvals that TVA would obtain in order for TVA to construct,

own, operate and maintain the gas-fired capability at the Kingston Plant. This section is redacted because of (1) East Tennessee's objections and the specific information provided by East Tennessee as grounds for nondisclosure of this subsection as trade secret and/or confidential commercial or financial information protected from disclosure under FOIA Exemption 4, *see supra* ¶¶ 9–10 & Attach. 3–4; and (2) TVA's determination, based on East Tennessee's objections and good-faith basis for non-disclosure, that this section is exempt from disclosure under FOIA Exemption 4, and should, therefore, be withheld, *see* 5 U.S.C. § 552(b)(4); 18 C.F.R. § 1301.7(a)(4).

b. *Section 7(B) – Transporter's Preliminary Activities*. This section is divided into two subsections—Subsection A and B. Subsection A has been disclosed (Doc. 41-1 at PageID # 395–96.) Subsection B pertains to certain preliminary activities that East Tennessee is required to perform. Subsection B is redacted because of (1) East Tennessee's objections and the specific information provided by East Tennessee as grounds for nondisclosure of this subsection as trade secret and/or confidential commercial or financial information protected from disclosure under FOIA Exemption 4, *see supra* ¶¶ 9–10 & Attach. 3–4; and (2) TVA's determination, based on East Tennessee's objections and good-faith basis for non-disclosure, that Subsection B is exempt from disclosure under FOIA Exemption 4, and should, therefore, be withheld, *see* 5 U.S.C. § 552(b)(4); 18 C.F.R. § 1301.7(a)(4).

c. *Section 10 – Pre-Service Costs*. This section is divided into two subsections—Subsection A and B. It includes terms discussing the reimbursement of the costs East Tennessee will incur in performing its obligations under the Precedent

Agreement under certain scenarios where the Precedent Agreement is terminated. This section is redacted because of (1) East Tennessee's objections and the specific information provided by East Tennessee as grounds for nondisclosure of this subsection as trade secret and/or confidential commercial or financial information protected from disclosure under FOIA Exemption 4, *see supra* ¶¶ 9–10 & Attach. 3–4; and (2) TVA's determination, based on East Tennessee's objections and good-faith basis for non-disclosure, that this section is exempt from disclosure under FOIA Exemption 4, and should, therefore, be withheld; *see* 5 U.S.C. § 552(b)(4), 18 C.F.R. § 1301.7(a)(4).

d. *Section 11(B), (C) – Termination*. This section is divided into four subsections— Subsections A, B, C, and D—and discusses the circumstances under which the Precedent Agreement may be terminated by the parties. Portions of this section are redacted because of (1) East Tennessee's objections and the specific information provided by East Tennessee as grounds for nondisclosure of this subsection as trade secret and/or confidential commercial or financial information protected from disclosure under FOIA Exemption 4, see supra ¶¶ 9–10 & Attach. 3–4; and (2) TVA's determination, based on East Tennessee's objections and good-faith basis for non-disclosure, that the redacted portions of this section are exempt from disclosure under FOIA Exemption 4, and should, therefore, be withheld, *see* 5 U.S.C. § 552(b)(4); 18 C.F.R. § 1301.7(a)(4).

21. I understand that certain sections and subsections of the Tennessee Gas Precedent Agreement remain in dispute for purposes of this litigation. These sections and subsections are exempt from disclosure under FOIA Exemption 4. As to the sections of the Tennessee Gas

Precedent Agreement that remain redacted, a summary of the bases for those redactions is set forth below:

    a.  *Section 1 (B)(ii) – Required Interim Service*. This section discusses Tennessee Gas's obligations to provide service to TVA and is divided into six subsections—Subsections A, B, C, D, E, and F. Only Subsection (B)(ii) – Required Interim Service remains in dispute. This subsection is redacted because of (1) Tennessee Gas's objections and specific information provided by Tennessee Gas as grounds for nondisclosure of this subsection as confidential commercial or financial information protected from disclosure under FOIA Exemption 4, *see supra* ¶ 11 & Attach. 5; and (2) TVA's determination, based on Tennessee Gas's objections and good-faith basis for non-disclosure, that this subsection is exempt from disclosure under FOIA Exemption 4, and should, therefore be withheld, *see* 5 U.S.C. § 552(b)(4); 18 C.F.R. § 1301.7(a)(4).

    b.  *Section 2 – The Open Season*. This section discusses Tennessee Gas's rights and obligations to market the Project Capacity. This section is redacted because of (1) Tennessee Gas's objections and specific information provided by Tennessee Gas as grounds for nondisclosure of this subsection as confidential commercial or financial information protected from disclosure under FOIA Exemption 4, *see supra* ¶ 11 & Attach. 5; and (2) TVA's determination, based on Tennessee Gas's objections and good-faith basis for non-disclosure, that this section is exempt from

disclosure under FOIA Exemption 4, and should, therefore be withheld, *see* 5 U.S.C. § 552(b)(4); 18 C.F.R. § 1301.7(a)(4).

c.  *Section 3 – Foundation Shipper Status*. This section is divided into two subsections—Subsections A and B. It discusses the rights and obligations of the Foundation Shipper if TVA is deemed a Foundation Shipper or one of the Foundation Shippers. This section is redacted because of (1) Tennessee Gas's objections and specific information provided by Tennessee Gas as grounds for nondisclosure of this subsection as confidential commercial or financial information protected from disclosure under FOIA Exemption 4, *see supra* ¶ 11 & Attach. 5; and (2) TVA's determination, based on Tennessee Gas's objections and good-faith basis for non-disclosure, that this section is exempt from disclosure under FOIA Exemption 4, and should, therefore be withheld, *see* 5 U.S.C. § 552(b)(4); 18 C.F.R. § 1301.7(a)(4).

d.  *Section 4(E) – Transporter Stakeholder Engagement*. This section is divided into six subsections—Subsections A, B, C, D, E, and F. It discusses Tennessee Gas's obligations with the FERC Certificate and other necessary approvals for the pipeline facilities. Only Subsection E – Transporter Stakeholder Engagement is in dispute. This subsection is redacted because of (1) Tennessee Gas's objections and specific information provided by Tennessee Gas as grounds for nondisclosure of this subsection as confidential commercial or financial information protected from disclosure under FOIA Exemption 4, *see supra* ¶ 11 & Attach. 5; and (2) TVA's determination, based on Tennessee Gas's objections and good-faith basis for non-disclosure, that this subsection is exempt from disclosure under FOIA Exemption

4, and should, therefore be withheld, *see* 5 U.S.C. § 552(b)(4); 18 C.F.R. § 1301.7(a)(4).

e.  *Section 7(A)(i) – Shipper Management Approval*. This section is divided into three subsections—Subsections A, B, and C. It discusses the parties' rights to terminate and related terms and conditions. Only Subsection 7(A)(i) is in dispute. Portions of Subsection A are redacted because of (1) Tennessee Gas's objections and specific information provided by Tennessee Gas as grounds for nondisclosure of this subsection as confidential commercial or financial information protected from disclosure under FOIA Exemption 4, *see supra* ¶ 11 & Attach. 5; and (2) TVA's determination, based on Tennessee Gas's objections and good-faith basis for non-disclosure, that this subsection is exempt from disclosure under FOIA Exemption 4, and should, therefore be withheld, *see* 5 U.S.C. § 552(b)(4); 18 C.F.R. § 1301.7(a)(4).

f.  *Section 9 – Reimbursement by Shipper of Reimbursable Costs*. This section is divided into three subsections—Subsections A, B, and C. It discusses TVA's responsibilities in sharing costs borne by Tennessee Gas and its related terms and conditions. This section is redacted because of (1) Tennessee Gas's objections and specific information provided by Tennessee Gas as grounds for nondisclosure of this subsection as confidential commercial or financial information protected from disclosure under FOIA Exemption 4, *see supra* ¶ 11 & Attach. 5; and (2) TVA's determination, based on Tennessee Gas's objections and good-faith basis for non-disclosure, that this section is exempt from disclosure under FOIA Exemption 4,

and should, therefore be withheld, *see* 5 U.S.C. § 552(b)(4); 18 C.F.R. § 1301.7(a)(4).

g.  *Exhibit D, FT-IL Negotiated Rate Agreement.* This exhibit discusses the terms for entering into a negotiated rate agreement. Only paragraphs 1-2 are in dispute. These paragraphs are redacted because of (1) Tennessee Gas's objections and specific information provided by Tennessee Gas as grounds for nondisclosure of this subsection as confidential commercial or financial information protected from disclosure under FOIA Exemption 4, *see supra* ¶ 11 & Attach. 5; and (2) TVA's determination, based on Tennessee Gas's objections and good-faith basis for non-disclosure, that paragraphs 1-2 are exempt from disclosure under FOIA Exemption 4, and should, therefore be withheld, *see* 5 U.S.C. § 552(b)(4); 18 C.F.R. § 1301.7(a)(4).

Executed on July 15, 2022, in Knox County, Tennessee.

Julia Denise Smith
TVA FOIA Officer

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically through the Court's ECF system on the date shown in the document's ECF footer. Notice of this filing will be sent by operation of the Court's ECF system to all parties as indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

*s/Steven C. Chin*
Attorney for Tennessee Valley Authority