# Exhibit # 1

## (Declaration of H. Preston Troutman)

| | | |
|---|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:22-cv-00108-DCLC-DCP |
| TENNESSEE VALLEY AUTHORITY, | ) ) ) | District Judge Clifton L. Corker Magistrate Judge Debra C. Poplin |
| Defendant, | ) ) | |
| EAST TENNESSEE NATURAL GAS, LLC, | ) ) ) | |
| Intervenor Defendant, | ) ) | |
| and | ) ) | |
| TENNESSEE GAS PIPELINE COMPANY, L.L.C., | ) ) ) ) | |
| Intervenor Defendant. | ) | |

## DECLARATION OF H. PRESTON TROUTMAN

I, H. Preston Troutman, under penalty of perjury, state as follows:

1.      I am over eighteen years of age and am competent to provide this Declaration.  The statements in this Declaration are based on my personal knowledge.

2.      I am the Director, Business Development, of Kinder Morgan, Inc., which is the corporate parent of Tennessee Gas Pipeline Company, L.L.C. ("Tennessee Gas"), and I have corporate responsibility for the matters stated herein.

3.      Tennessee Gas is a natural gas pipeline company established for the purpose of transporting natural gas.  Tennessee Gas is a limited liability company organized and existing

1

under the laws of the state of Delaware.  The location of Tennessee Gas's principal place of business is 1001 Louisiana Street, Houston, Texas 77002.

4.      Tennessee Gas is a "natural gas company" as defined by Section 2(6) of the Natural Gas Act, 15 U.S.C § 717 et seq. ("NGA"), primarily engaged in the business of transporting natural gas in interstate commerce under authorizations granted by and subject to the jurisdiction of the Federal Energy Regulatory Commission ("FERC" or "Commission").  Tennessee Gas's mainline transmission system extends in a northeasterly direction from the states of Texas and Louisiana, and the Gulf of Mexico, through the states of Texas, Louisiana, Arkansas, Mississippi, Alabama, Tennessee, Kentucky, West Virginia, Ohio, Pennsylvania, New York, New Jersey, Massachusetts, New Hampshire, Rhode Island, and Connecticut.

**The Cumberland Project**

5.      Tennessee Gas's proposed Cumberland Project ("Project") involves the potential construction and operation of a new 32-mile-long, 30-inch-diameter pipeline lateral in Dickson, Houston, and Stewart counties, Tennessee.  The Project is in support of the Tennessee Valley Authority's ("TVA") proposed action to retire the two units at its coal-fired plant at Cumberland City, Tennessee, and to replace the generation from one of the retired units.  The construction and operation of a combined cycle combustion turbine gas plant at the same site where the coal-fired plant units are to be retired ("TVA Alternative A") is one of the alternatives being considered by TVA in the ongoing National Environmental Policy Act ("NEPA") review for this proposal.  The Project will enable Tennessee Gas to provide firm transportation service to TVA on Tennessee Gas's pipeline system to serve TVA Alternative A, in the event that TVA Alternative A is selected by TVA to replace generation for one of the retired units.  Two other alternatives also are being considered by TVA in its NEPA review to replace the generation from one of the retired units.

**Precedent Agreement**

6. On August 11, 2021, TVA and Tennessee Gas entered into a Pipeline Precedent Agreement ("Precedent Agreement"), which sets forth the terms and conditions under which Tennessee Gas would transport natural gas to TVA's Cumberland facility, in the event that TVA chooses Alternative A after completion of its NEPA analysis and TVA Board action regarding the potential new Cumberland facility.

7. Tennessee Gas uses precedent agreements, among other things, to set forth rates, terms, and conditions related to the natural gas transportation service that it provides on its pipeline system, ensuring investment expenditures are covered in the early phases and throughout the life of large pipeline construction projects.

8. Tennessee Gas uses the precedent agreement negotiating process to perform project risk analysis and make good business decisions in the context of the specific circumstances of a project.

9. Tennessee Gas customizes and tailors precedent agreements for individual projects by including terms and conditions based on the needs of the project, the requirements of the project customers (known as "shippers"), and the risk allocation between the parties, among other things.

10. The Precedent Agreement contains terms and conditions based on the geographical challenges, permitting requirements, costs of labor and materials, and other Project-specific considerations.

**Confidential Commercial and Financial Information**

11. I am familiar with the competitive market for the transportation of natural gas. I am also familiar with the confidential and proprietary commercial and financial information submitted to TVA with respect to the Precedent Agreement.

3

12. Because of the competitive nature of the natural gas market, Tennessee Gas protects the confidentiality of information relating to its planning, construction, and operation of its pipeline system and the potential sale of capacity to shippers for the transportation of natural gas through its pipeline system. Tennessee Gas also ensures that its confidential information is not made available to the public. Disclosing confidential information regarding Tennessee Gas's project development, implementation, and operations would place it at a competitive disadvantage vis-à-vis competitors. If competitors know Tennessee Gas's costs for project development, project implementation, operations, cost structures, pricing strategies, credit requirements, and other types of business strategies, these competitors can underbid Tennessee Gas in future natural gas projects and damage Tennessee Gas's ability to earn a reasonable rate of return, as regulated by the FERC, from the operations of its pipeline system.

13. Tennessee Gas routinely negotiates with shippers and consistently requires that the prospective project partner maintain the confidentiality of information provided to the prospective partner and designated confidential by Tennessee Gas (Tennessee Gas likewise holds confidential information that is provided to it by shippers that such shippers have designed as confidential). Tennessee Gas typically requires contractually binding assurances from its prospective project partners that they will keep Tennessee Gas's confidential information confidential, and that Tennessee Gas will hold shippers' confidential information as confidential.

14. The type of information deemed confidential may vary by project. However, Tennessee Gas routinely treats the following types of commercial and financial information as confidential: (a) costs, cost estimates, cost reimbursements, and cost-sharing arrangements; (b) volumetric production data; (c) delivery and receipt points; (d) various timelines and dates, including those related to construction, approvals, and conditions precedent; (e) various service-

4

related information, including the term, optional service, and interim service; (f) formulas and processes for negotiating rates, and the negotiated contractual rates themselves; (g) creditworthiness requirements, and (h) termination rights.

15.     During the negotiation of the Precedent Agreement, Tennessee Gas submitted confidential information to TVA, which is a type of information customarily not released to the public.

**Freedom of Information Act**

16.     On August 5, 2021, the Southern Environmental Law Center ("SELC") submitted a Freedom of Information Act ("FOIA") request to TVA requesting "Records of communications, including all attachments thereto, with Tennessee Gas Pipeline, Kinder Morgan . . . regarding possible or planned gas infrastructure projects, including pipelines, compressor stations, and gas plants, to be constructed after January 2021." [Doc. 1-6.]

17.     On August 31, 2021, TVA notified Tennessee Gas that TVA, as a quasi-governmental corporation, had received SELC's FOIA request for the Precedent Agreement. On that date, TVA asked Tennessee Gas for its comment on the potential release of the Precedent Agreement under FOIA. See Attachment 1 to this Declaration.

18.     On September 9, 2021, on behalf of Tennessee Gas I responded to TVA's request for comment on release of the Precedent Agreement. *See* Attachment 1. I attached to my response a copy of a redacted Precedent Agreement as a recommendation to TVA for its release in response to the FOIA request. The redacted Precedent Agreement that TVA provided in response to the FOIA request is attached to SELC's Complaint as Exhibit 2. [Doc. 1-7.]

19.     On October 28, 2021, TVA made an interim response to SELC and provided a copy of the redacted Precedent Agreement. [*See* Doc. 1-9.]

20. On February 4, 2022, TVA made a final response to SELC's FOIA request. In that response, TVA stated:

> As indicated in our October 28, 2021, interim response, we processed notices to the parties to the agreements and information they identified as confidential commercial information was withheld under FOIA Exemption 4. Exemption 4 protects such confidential commercial, financial and trade secret information submitted to the government by an outside source.

[Doc. 1-9.]

21. On February 7, 2022, SELC appealed TVA's final response. [Doc. 1-10.]

22. On March 7, 2022, TVA upheld its February 4, 2022 final response. [Doc. 1-11.]

23. Tennessee Gas, as an interstate pipeline company regulated by the FERC under the NGA, is not subject to FOIA as Tennessee Gas is not a regulatory agency. Tennessee Gas, as part of applications for certificates of public convenience and necessity filed with the FERC pursuant to Section 7(c) of the NGA (and other applications and filings with the FERC), may submit certain information as privileged pursuant to FERC regulations or statutory requirements, or if such information contains commercially sensitive information. In the event that a request for such privileged information is submitted to the FERC FOIA office by a third-party, the FERC FOIA office routinely asks Tennessee Gas its opinion whether FERC should release the requested privileged information that Tennessee Gas submitted to the FERC. Tennessee Gas generally responds to such inquiries from the FERC FOIA office with Tennessee Gas's opinion regarding why the information was submitted to the FERC as privileged and whether such information should remain privileged and not provided to the public. FERC, as the federal agency subject to FOIA, evaluates the request under FOIA and makes the decision whether or not to release any of the requested privileged information that Tennessee Gas submitted to the FERC.

24.     I understand that TVA's processes for responding to FOIA information requests are similar to those followed by the FERC.  After receiving a FOIA information request, TVA will request that the entity or individual that submitted confidential information to TVA provide its opinion regarding the release of privileged information to a FOIA requestor.  It is my understanding that TVA takes into consideration a submitter's recommendations, then decides which information to release and which to withhold under an applicable FOIA exemption(s).

25.     In my September 9, 2021 response to TVA, I provided the basis for Tennessee Gas's proposed redactions of the Precedent Agreement:

> The redacted information is protected confidential commercial and financial information in accordance with FOIA exemption 4.  The redacted information includes detail associated with an open season to be held to solicit interest in capacity associated with the Precedent Agreement.  TGP will evaluate the bids as a whole to determine the highest value for the capacity.  Disclosing the redacted information could provide potential third party bidders information about how the capacity has been valued.  The redacted information also includes project facilities and locations to be determined that cannot be made available until the facilities have been finalized.  This project information can be identified when TGP submits a certificate application to the Federal Energy Regulatory Commission.

**Substantial Harm**

26.     Any disclosure of the redacted sections of the Precedent Agreement will cause substantial harm to Tennessee Gas by allowing competitors and potential shippers to obtain valuable commercial and financial information.

27.     If competitors gain knowledge of Tennessee Gas's costs, they may be able to underbid Tennessee Gas for providing transportation capacity for potential shippers.

28.     If potential shippers gain knowledge of Tennessee Gas's costs, they will have a distinct advantage when negotiating rates and terms of service with Tennessee Gas.

29. Tennessee Gas understands the type of competitive harm that can result from the disclosure of confidential and financial information, and this harm is foreseeable based on Tennessee Gas's experience.

**Precedent Agreement Sections at Issue**

30. TVA, SELC, and Tennessee Gas have agreed to narrow the provisions of the Precedent Agreement at issue in this FOIA litigation [Docs. 42, 42-1, and 42-2.] More specifically, SELC has agreed that it seeks only the redacted information contained in certain sections of the Precedent Agreement, specifically Sections 1(B)(ii), 2, 3, 4(E), 7(A)(i), 9, and Exhibit D, paragraphs 1 and 2.

31. Section 1(B)(ii), "Required Interim Service," discusses rates and terms regarding Tennessee Gas's providing interim service to TVA. This section provides confidential commercial and financial information that would cause Tennessee Gas competitive harm if the redacted portions were disclosed to the public. If Tennessee Gas's competitors obtained Tennessee Gas's rates for the Project, it would place Tennessee Gas at a competitive disadvantage in bidding for transportation capacity on other natural gas projects.

32. Section 2, "The Open Season," discusses the terms, procedures, and mechanisms for Tennessee Gas conducting an open season to provide a portion of the Project capacity on the open market. This section provides confidential commercial and financial information that would cause Tennessee Gas competitive harm if the redacted portions were disclosed to the public.

33. Section 3, "Foundation Shipper Status," discusses specific terms applicable to a "foundation shipper" such as TVA. This section provides confidential commercial and financial information that would cause Tennessee Gas competitive harm if the redacted portions were disclosed to the public. For example, if other potential shippers who wished to bid during the open

8

season knew the terms applicable to the foundation shipper, the knowledge would assist potential bidders in making bids to the financial detriment of Tennessee Gas.

34. Section 4(E), "Transporter Stakeholder Engagement," discusses Tennessee Gas's responsibility and process for engaging stakeholders regarding the Project. This section provides confidential commercial information that would cause Tennessee Gas competitive harm if the redacted portions were disclosed to the public. For example, this section identifies specific activities that Tennessee Gas will undertake to obtain Project approvals.

35. Section 7(A)(i), "Shipper Management Approval," redacts the date by which Tennessee Gas may terminate the Precedent Agreement if certain conditions are not met. This section provides confidential commercial information that would cause Tennessee Gas competitive harm if the redacted portion was disclosed to the public. For example, the market for transporting natural gas is very competitive. If other transporters obtain an indication of the timeframe for Tennessee Gas's increased capacity, Tennessee Gas's competitors may use this information to the financial detriment of Tennessee Gas.

36. Section 9, "Reimbursement by Shipper of Reimbursable Costs," discusses reimbursable costs, reimbursable cost sharing, and the reimbursement process. This section provides confidential commercial and financial information that would cause Tennessee Gas competitive harm if the redacted portions were disclosed to the public. For example, this section contains terms negotiated between Tennessee Gas and TVA that would place Tennessee Gas at a competitive disadvantage if other natural gas companies knew the terms that are acceptable to Tennessee Gas in its contractual relationship with TVA. Competitor natural gas companies could use this information to their advantage when competing with Tennessee Gas for the same business.

37.     Exhibit D, paragraphs 1 and 2, discuss rates paid for natural gas.  This section provides confidential commercial and financial information that would cause Tennessee Gas competitive harm if the redacted portions were disclosed to the public.  If Tennessee Gas's competitors obtained Tennessee Gas's rates for the Project, it would place Tennessee Gas at a competitive disadvantage in bidding for other natural gas projects.

38.     For the reasons set forth above, the release of the confidential commercial and financial information submitted to TVA in the Precedent Agreement regarding the Project would cause substantial harm to Tennessee Gas's competitive position in the natural gas transportation market.  As discussed above, competitors and potential shippers could use this confidential commercial and financial information to compete with Tennessee Gas in the market or obtain pricing advantages during negotiations leading to the transport of natural gas.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on July 15, 2022.

*H. Preston Troutman*

H. Preston Troutman

# ATTACHMENT 1

| | |
|---|---|
| **From:** | Troutman, H Preston (Preston) |
| **To:** | Smith, Julia Denise |
| **Cc:** | Coffman, Margaret G (Meghan); Troutman, H Preston (Preston) |
| **Subject:** | RE: NOTICE: FOIA request to TVA for pipeline precedent agreement |
| **Date:** | Thursday, September 9, 2021 5:52:43 PM |
| **Attachments:** | TGP TVA Cumberland Precedent Agreement (TVA FOIA Request).pdf |

**This is an EXTERNAL EMAIL from outside TVA. THINK BEFORE you CLICK links or OPEN attachments. If suspicious, please click the "Report Phishing" button located on the Outlook Toolbar at the top of your screen.**

Dear Ms. Smith,

Tennessee Gas Pipeline Company, L.L.C. (TGP) is in receipt of your August 31, 2021 letter describing a Freedom of Information Act (FOIA) request to Tennessee Valley Authority (TVA) for a copy of the Precedent Agreement between TVA and TGP.

TGP has attached (1) the redacted copy of the Precedent Agreement and (2) a document that highlights the redactions for your convenience.  The redacted information is protected confidential commercial and financial information in accordance with FOIA exemption 4.  The redacted information includes detail associated with an open season to be held to solicit interest in capacity associated with the Precedent Agreement.  TGP will evaluate the bids as a whole to determine the highest value for the capacity.  Disclosing the redacted information could provide potential third party bidders information about how the capacity has been valued.  The redacted information also includes project facilities and locations to be determined that cannot be made available until the facilities have been finalized.  This project information can be identified when TGP submits a certificate application to the Federal Energy Regulatory Commission.

Please feel free to contact me if you have any questions or concerns about the redacted information.
Thanks,
Preston

**From:** Smith, Julia Denise <dsmith@tva.gov>
**Sent:** Tuesday, August 31, 2021 10:24 AM
**To:** Troutman, H Preston (Preston) <Preston_Troutman@kindermorgan.com>
**Subject:** NOTICE: FOIA request to TVA for pipeline precedent agreement

**[This email message was received from the Internet and came from outside of Kinder Morgan.]**

**WARNING: EXTERNAL EMAIL: PROCEED WITH CAUTION.**

**Do not respond, click on links or open attachments unless you recognize the sender or know the content is safe.**

Dear Mr. Troutman – attached is a letter asking for your comment on the release of the attached agreement between TVA and your company in response to a Freedom of Information Act request to TVA.

Please let me know if you have questions or need additional information.  We look forward to your response.

Sincerely,

Denise Smith
FOIA Officer
Tennessee Valley Authority
400 W. Summit Hill Dr. WT 7D
Knoxville, TN 37902-1401
foia@tva.gov or dsmith@tva.gov