UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| S. ENV'T LAW CTR., | ) | |
| | ) | |
| Plaintiff, | ) | 3:22-CV-00108-DCLC-DCP |
| | ) | |
| vs. | ) | |
| | ) | |
| TENN. VALLEY AUTH., *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter concerns a dispute about the disclosure of two agreements, the Cumberland Precedent Agreement and the Ridgeline Precedent Agreement, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff Southern Environmental Law Center ("SELC") seeks the full disclosure of those agreements, and Defendant Tennessee Valley Authority ("TVA"), Intervenor-Defendant East Tennessee Natural Gas, LLC ("ETNG"), and Intervenor-Defendant Tennessee Gas Pipeline Company, L.L.C. ("TGP") oppose SELC's request. The parties filed motions and cross-motions for summary judgment that currently are pending before the Court [Docs. 25, 43, 46, 52]. The parties also filed Unopposed Joint Motions to Narrow Matters in Controversy [Docs. 40, 42]. In those Unopposed Joint Motions, the parties have agreed that certain previously redacted portions of the agreements at issue shall be disclosed to SELC [Docs. 40, pgs. 1-4; 42, pg. 2]. The Court finds the parties' Unopposed Joint Motions [Docs. 40, 42] well-taken and **GRANTED**.

Rather than list the portions of the agreements that shall be disclosed to SELC, the Court will note the only portions remaining in dispute between the parties. The following portions of the Ridgeline Precedent Agreement remain in dispute: (I) Section 4 – Shipper Approvals; (II)

Section 7 – Transporter's Preliminary Activities, Sub-section (B) only; (III) Section 10 – Pre-service Costs; (IV) Section 11 – Termination, Sub-sections (B) and (C) only. As to the Cumberland Precedent Agreement, the following portions remain in dispute: (I) Section 1(B)(ii) – Required Interim Service; (II) Section 2 – The Open Season; (III) Section 3 – Foundation Shipper Status; (IV) Section 4(E) – Transporter Stakeholder Engagement; (V) Section 7(A)(i) – Shipper Management Approval; (VI) Section 9 – Reimbursement by Shipper of Reimbursable Costs; (VII) Exhibit D, paragraphs 1 and 2 – FT-IL Negotiated Rate Agreement. The Court will consider the parties' pending motions and cross-motions for summary judgment as addressing only those sections that remain in dispute.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge